UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLA RIVERO,

      Plaintiff,

v.                                  Case No:   2:11-cv-183-FtM-38DNF

COMMISSIONER OF SOCIAL
SECURITY and SSA,

      Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on Report and Recommendation of United States Magistrate Judge Douglas N. Frazier (Doc. #27) filed on February 10, 2014. Judge Frazier recommends that the decision of the Commissioner be affirmed pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff Carla Rivero has filed an objection to the Report and Recommendation. (Doc. #30). The Commissioner of Social Security has filed a response. (Doc. #31). This matter is now ripe for review.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge, and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357, F.3d 1232. 1240 n.8 (11th Cir. 2004).

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a *de novo* review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667 (1980). When no timely and specific objections are filed, however, case law indicates that the court should review the findings using a clearly erroneous standard. Gropp v. United Airlines, Inc., 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

**DISCUSSION**

Plaintiff objects to the Magistrate Judge's Report and Recommendation. Plaintiff states the Report and Recommendation should be rejected because the Magistrate Judge did not follow "the law of the case" doctrine. Plaintiff further objects to the Magistrate Judge's findings regarding the Administrative Law Judge's determination of the severity of her mental impairments, her chest pain, and hearing loss.

(1) Law of the Case

Plaintiff argues that the Magistrate Judge incorrectly applied the "law of the case" doctrine by failing to bind the Commissioner to findings made by Administrative Law Judge Dugan in a prior decision. The Commissioner argues the "law of the case" doctrine is not applicable because the Appeals Council vacated Judge Dugan's prior decision.

The law of the case doctrine "operates to create efficiency, finality, and obedience within the judicial system." In re Cummings, 381 B.R. 810, 823 -824 (S.D. Fla. 2007) (citing Allapattah Servs., Inc. v. Exxon Corp., 372 F.Supp.2d 1344, 1363 (S.D.Fla.2005) (quoting Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506, 1511 (11th Cir.1987)). Under the doctrine, "the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." This That & the Other Gift & Tobacco, Inc. v. Cobb County, 439 F.3d 1275, 1283 (11th Cir.2006) (quoting Heathcoat v. Potts, 905 F.2d 367, 370 (11th Cir.1990)); see also Wheeler v. City of Pleasant Grove, 746 F.2d 1437, 1440 (11th Cir.1984) (stating that courts are "bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case."); U.S. v. Amedeo, 487 F.3d 823, 829–830 (11th Cir.2007) ("The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality, and obedience within the judicial system so that an appellate decision binds all subsequent proceedings in the same case.") (internal quotations and citations omitted).

In addition, the law of the case doctrine applies to lower court rulings that have not been challenged on appeal. U.S. v. Escobar–Urrego, 110 F.3d 1556, 1560 (11th Cir.1997); U.S. v. Garzon, 223 Fed.Appx. 899, 901 (11th Cir.2007) ("[L]ower court rulings

that have not been challenged on a first appeal will not be disturbed in a subsequent appeal."). Therefore, "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." Escobar–Urrego, 110 F.3d at 1560. To avoid the application of the law the case, the parties must demonstrate that the case fits within one of the three recognized narrow exceptions: (1) a subsequent trial produces substantially different evidence; (2) controlling authority has since made a contrary decision of law applicable to that issue; or, (3) the prior decision was clearly erroneous and would work manifest injustice. Id.; U.S. v. Stinson, 97 F.3d 466, 469 (11th Cir.1996).

It is a well-settled principle in the Eleventh Circuit that the law of the case doctrine encompasses issues previously "*decided by necessary implication* as well as those decided explicitly." Id. (quoting Dickinson v. Auto Center Mfg. Co., 733 F.2d 1092, 1098 (5th Cir.1983)) (emphasis in original); This That & the Other Gift & Tobacco, Inc., 439 F.3d at 1283 ("[T]he law-of-the-case doctrine bars re-litigation of issues that were decided either explicitly or by necessary implication."); Schiavo v. Schiavo, 403 F.3d 1289, 1291 (11th Cir.2005) ("The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal."); Klay v. Pacificare Health Sys., Inc., 389 F.3d 1191, 1198 (11th Cir.2004) ("Realizing that a prior decision is law of the case as to matters decided explicitly and by necessary implication, we find that our prior affirmation of the district court constitutes law of the case here ...."), cert. denied, 544 U.S. 1061, 125 S. Ct. 2523, 161 L. Ed. 2d 1111 (2005); A.A. Profiles, Inc. v. City of Fort Lauderdale, 253 F.3d 576, 582 (11th Cir.2001) ("Generally, the law of the case

doctrine requires a court to follow what has been explicitly or by necessary implication decided by a prior appellate decision.").

The Magistrate Judge citing Erickson v Commissioner, 431 Fed. App'x 809, 812 n. 1 (11th Cir. 2011), concluded that since the Appeals Council vacated ALJ Dugan's July 20, 2009 decision, that decision had no preclusive effect on later decisions in the case. Plaintiff argues the Magistrate Judge's reliance on Erickson is misplaced because the Erickson Court was referring to *res judicata* and not the "law of the case" doctrine. Plaintiff's argument lacks merit.

In Erickson, the plaintiff argued the Administrative Law Judge's decision denying his request for a waiver for overpaid benefits was barred by the doctrine of *res judicata* based upon the ALJ's initial decision granting him a partial wavier. The Eleventh Circuit in a footnote stated that *res judicata* did not apply because the Appeals Council vacated the original decision issued in 2000 and it no longer had any preclusive effect. Id. Therefore, the Erickson Court was not limiting the effect of a vacated decision to instances where *res judicata* is argued, but was expressing the idea that once a decision is vacated by the Appeals Council it no longer has any preclusive effect.

The Magistrate Judge found that "the law of the case" doctrine did not apply because, the Appeals Council vacated the initial decision and, therefore, previous decision by ALJ Dugan no longer had a preclusive effect.  The Magistrate Judge properly relied upon the Erickson case in arriving at his decision.  Plaintiff's objection pursuant to Erickson is not applicable and is accordingly overruled.

### *(2) Severity of Plaintiff's Impairments*

Plaintiff objects to the Magistrate Judge's Report and Recommendation standing on the arguments set forth in her brief with respect to her hearing loss and chest pain being serve impairments.  Upon an independent review of the record, the Magistrate Judge's Report and Recommendation, Plaintiff's Objection, and the Commissioner's Response, the Court is satisfied that both the Administrative Law Judge and the Magistrate Judge gave proper weight to the findings of Plaintiff's medical condition as a whole. *See Dyer,* 395 F.3d at 1211. Regarding Plaintiff's mental condition, here, the Magistrate Judge and the Administrative Law Judge thoroughly reviewed her mental issues and applied the proper standard of review.  The Magistrate Judge and the Administrative Law Judge both properly reviewed Plaintiff's hearing loss issues and Plaintiff's complaint of chest pains.

Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, the objections, and in conjunction with an independent examination of the file, the Court accepts the Report and Recommendation in its entirety.

Accordingly, it is now

**ORDERED:**

(1) The Report and Recommendation of the Magistrate Judge (Doc. #27) is **ADOPTED, CONFIRMED and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) The Decision of the Commissioner of Social Security is **AFFIRMED**.

(3) Plaintiff's objections (Doc. #30) are **OVERRULED**.

(4) The Clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of March, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record